**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS REYES,<br><br>                           Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary, et al.,<br><br>                         Respondents. | Case No.  21-cv-00632-MMA (KSC)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MOTION TO DISMISS** |

Petitioner Carlos Reyes ("petitioner") is an inmate proceeding *pro se* on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition"). Doc. No. 1. Before the Court is respondents' Motion to Dismiss the Petition (the "Motion"). Doc. No. 6 (notice of motion and motion); Doc. No. 7 (memorandum of points and authorities). Petitioner opposes. Doc. No. 12. Pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1, the undersigned Magistrate Judge submits this Report and Recommendation to United States District Judge Michael M. Anello. For the reasons stated herein, the Court **RECOMMENDS** the District Court **GRANT** respondents' Motion and **DISMISS** the Petition without leave to amend. The Court further **RECOMMENDS** that the dismissal be without prejudice to petitioner's ability to bring a separate claim under 42 U.S.C. § 1983

(hereafter "Section 1983") if he chooses to do so.

## I.   BACKGROUND

### A. Factual and Procedural History

Petitioner is serving a sentence of 54 years to life after his April 2015 conviction for first-degree murder and robbery. Petition at 1-2.[1] On June 27, 2019, during a mass search of the housing unit where petitioner resided, a correctional officer ("CO") found a cell phone in the cell shared by petitioner and another inmate.[2] *Id*. at 20. According to the CO's report, the phone was hidden in a ramen noodle container with a false bottom in an area of the cell accessible to both petitioner and his cellmates. *Id*. The CO issued a Rules Violation Report ("RVR") charging petitioner with possession of a cellular telephone.[3] *Id*.

Petitioner appeared at a disciplinary hearing on the charges on July 5, 2019. *See id*. at 22-31 (document titled "Disciplinary Hearing Results"). At the hearing, petitioner claimed that he had no knowledge of the cell phone and asked that the RVR be dismissed. *Id*. at 25. The hearing officer found petitioner guilty of the charged offense "based on a preponderance of the evidence," and imposed a forfeiture of 90 days' credit, suspension of petitioner's yard, phone, package and other privileges, and other penalties. *Id*. at 26-28. The hearing officer's findings and disposition were later reviewed and affirmed by the Chief Disciplinary Officer. *Id*. at 29.

Petitioner administratively appealed the decision through the third level of review. *Id*. at 59-69. He then filed petitions for writ of habeas corpus at all three levels of the California courts, challenging the disciplinary decision as unsupported by the evidence. *Id*. at 73-74 (denial of petition by Superior Court for the County of Imperial); 81-83 (denial of petition by California Court of Appeal, Fourth Appellate District); 85 (denial by Supreme

---

[1] All citations are to the ECF-generated page numbers.

[2] Petitioner attached several exhibits to the Petition, each of which is "a part of the pleadings for all purposes." Fed. R. Civ. P. 10(c).

[3] Petitioner's cellmate was also charged, and later pled guilty. *See* Doc. No. 1 at 43-47.

Court of California). Each of petitioner's state habeas petitions was denied. *Id*. Petitioner then filed the instant Petition.

B. **Summary of Petitioner's Claims**

The sole basis for relief presented in the Petition is that petitioner was allegedly "found guilty of a rules violation … without 'some evidence' to support" the finding of guilt. Doc. No. 1 at 6. Petitioner states that he had "no knowledge" of the cell phone, which he asserts belonged exclusively to his cellmate. *Id.* He notes the phone was not "out in the open" but instead was located inside a box of noodles which "were the property" of his cellmate. *Id.* at 15. Petitioner further argues that the circumstantial evidence of his constructive possession of the phone (that the phone was in an area accessible to both inmates, that it would have been visible and audible to him, and that it would have been charged in open view since there are no hidden outlets in the cell) is not supported by the record. *Id.* at 6, 13-14. Petitioner states there is no evidence in the record that the phone was "even functional." *Id.* at 13, 14. Petitioner further argues that his "mere proximity" to the contraband is insufficient to establish his possession of it because he had neither "general dominion and control over their jail cell" nor the authority to "assume control" of his cellmate's property. *Id.* at 15. "In sum," petitioner asserts, "there is just no evidence" to support the hearing officer's decision. *Id.* at 16. He requests that "the guilty finding … be dismissed and time credits restored." *Id.* at 16.

## II.    LEGAL STANDARD

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Respondents move to dismiss pursuant to Rule 4 of the Rules Governing Section 2254 Cases (*see* Doc. No. 6 at 1), which requires the Court to dismiss a petition for habeas corpus if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court …." Rule 4, Rules Governing Section 2254 Cases.

### III. DISCUSSION

**A. Petitioner Fails to State a Cognizable Habeas Claim**

Respondents contend that the Petition does not state a cognizable habeas corpus claim "because petitioner is an indeterminately sentenced inmate … and the resolution of the [p]etition in [his] favor would not necessarily reduce the duration of his underlying prison sentence." *See* Doc. No. 7 at 2. The Court agrees.

Federal law provides two avenues to relief for prisoners related to their confinement: a petition for habeas corpus and a civil rights complaint. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be present in a [Section] 1983 action." *Id.*; *see also Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1047 (noting that "[a] writ of habeas corpus is the proper avenue for prisoners to challenge the fact or duration of their confinement," whereas "a challenge to conditions of confinement is generally brought pursuant to a civil rights statute"). A claim lies within the core of habeas corpus (and jurisdiction to hear the petition exists) only if success would "necessarily lead to immediate or speedier release." *Nettles*, 830 F.3d at 934; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that a claim falls within the core of habeas corpus where "success in that action would necessarily demonstrate" that the petitioner's confinement or its duration are invalid). In contrast, claims that "would not *necessarily* lead to an earlier release" are not within the core of habeas corpus and must be brought as a Section 1983 claim. *Nettles*, 830 F.3d at 935 (emphasis added).

As in *Nettles*, petitioner uses his habeas corpus petition to challenge a disciplinary finding. Doc. No. 1 at 16. The relief he requests is the expungement of the disciplinary violation from his prison record and restoration of time credits. *Id*. Petitioner has not alleged that the disciplinary finding has the potential to affect future parole proceedings; instead, his claims are premised on the alleged lack of evidence for the hearing officer's finding of guilt. *See generally id.* And, as in *Nettles*, the expungement of the RVR at issue

would not necessarily lead to petitioner's earlier release from prison, because petitioner is serving an indeterminate sentence and petitioner's disciplinary record is only one factor in determining his eligibility for parole. The Court therefore agrees with respondents that petitioner has "failed to allege a claim that if successful, would necessarily shorten his custody." Doc. No. 7 at 2.

Petitioner asserts that it is "absurd" to suggest that the loss of credit will not affect the duration of his imprisonment, because he is "not under a sentence of life without the possibility of parole" and the loss of credit will "of course" impact him. Doc. No. 12 at 1, 3. However, as the Ninth Circuit explained in *Nettles*, "[b]ecause the parole board has the authority to deny parole 'on the basis of any grounds presently available to it,' … the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Nettles*, 830 F.3d at 935 (citation omitted). Under this Circuit's established precedent, the speculative impact of petitioner's disciplinary record on any future parole considerations is not enough to justify habeas corpus relief. *See id.* at 834 (rejecting "probabilistic analysis" that required courts to assess whether success on a petitioner's claim would "'likely'" or "'potentially' affect the duration of their confinement"); *accord Brookins v. California*, Case No. 1:17-cv-01724-LJO-JDP, 2019 WL 506114, at * 2 (E.D. Cal. Jan. 17, 2019), *report and recommendation adopted*, 2019 WL 499102 (E.D. Cal. Feb. 8, 2019) (finding that habeas petitioner's claims "fail[ed]" for the "simple reason" that he was serving an indeterminate sentence and his "claims cannot lead to his immediate or earlier release unless the Board finds him suitable for parole."). Based on the foregoing, the Court finds petitioner's claims do not lie at "the core of habeas" and as such, petitioner has failed to present a cognizable claim. *Nettles*, 830 F.3d at 931 (holding that "if a state prisoner's claim does not lie at 'the core of habeas corpus,' … it may not be brought in habeas corpus") (citation omitted); *see also Carballo v. Barr*, 491 F. Supp. 3d 860, 871 (D. Nev. 2020) (finding that "habeas jurisdiction [was] lacking because it [was] not alleged that the custody, per se, is unconstitutional").

///

A district court should ordinarily construe a *pro se* habeas petition liberally and afford the petitioner leave to amend his petition to cure any deficiencies unless it appears that amendment would be futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2004). However, because petitioner does not challenge the fact or duration of his criminal conviction but only disciplinary findings which do not necessarily affect his eligibility for release, the Court finds that the Petition "could not possibly be cured by the allegation of other facts." *Id*.

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT** the Motion and **DISMISS** the Petition without leave to amend.

**B. The Court Should Not Construe the Petition as a Section 1983 Complaint**

Petitioner requests that if the Court determines habeas corpus jurisdiction is lacking, it instead "treat[]" the Petition as a complaint under Section 1983 "for the sake of judicial economy." Doc. No. 12 at 3.

Although "a habeas corpus action and a civil rights suit differ in a variety of respects,'" a district court may "recharacterize" a deficient habeas petition as a civil rights complaint. *Nettles*, 830 F.3d at 935-36. Such treatment is appropriate where "the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief." *Id.* at 936 (citation omitted). Here, petitioner has named only California's Attorney General and the Secretary of CDCR. *See* Doc. No. 1 at 1. Furthermore, the Petition contains no specific factual allegations as to respondents' "individual actions" that violated the Constitution. *See OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012) ("To state a valid § 1983 claim, 'a plaintiff must plead that each government-official defendant, through the official's own individual actions, ha[s] violated the Constitution.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

The Court finds that the Petition is not amenable on its face to treatment as a complaint under Section 1983, and accordingly **RECOMMENDS** that the District Court decline to so construe it. The undersigned makes no finding as to the merit or timeliness of any claims petitioner may raise regarding alleged constitutional violations that do not

impact the duration of his custody, but further **RECOMMENDS** that the dismissal of his Petition be without prejudice to his ability to file a Section 1983 complaint if, after careful consideration, petitioner wishes to do so.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that petitioner has not stated a cognizable habeas corpus claim and that no amendment could cure the Petition. The Court further finds that on its face, the Petition is not appropriately construed as a claim under Section 1983. Therefore, **IT IS HEREBY RECOMMENDED** that the District Court **GRANT** respondents' Motion and **DISMISS** the Petition without leave to amend, but without prejudice to his ability to file a Section 1983 complaint. It is further **RECOMMENDED** that the District Court deny petitioner's request to treat the Petition as a Section 1983 complaint.

**IT IS ORDERED** that no later than *November 30, 2021*, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *December 15, 2021*. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: October 29, 2021

Hon. Karen S. Crawford
United States Magistrate Judge